NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIO CESAR BARBOSA-GOMEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1349

Agency No.
A213-082-554

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2023**
San Francisco, California

Before: S.R. THOMAS and MENDOZA, Circuit Judges, and OLIVER, Senior
District Judge.***

Julio Cesar Barbosa-Gomez, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals ("the Board") affirming

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Solomon Oliver, Jr., United States Senior District Judge for
the Northern District of Ohio, sitting by designation.

the immigration judge's order denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the Board's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

Mr. Barbosa makes four arguments. First, he challenges the agency's determination that his untimely application rendered him statutorily ineligible for asylum; he argues that the Board failed to consider how changed country conditions affected his individual case. *See* 8 U.S.C. § 1158(a)(2)(D) (excusing compliance with the one-year filing requirement where the petitioner demonstrates "changed circumstances which materially affect the applicant's eligibility for asylum"). We review this mixed question of law and fact de novo. *See Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007).

Here, the record does not compel the conclusion that Mr. Barbosa established changed circumstances to excuse the untimely asylum application. *See Singh v. Holder*, 649 F.3d 1161, 1164–65 (9th Cir. 2011) (en banc) (court retained jurisdiction to review legal or constitutional questions related to the one-year filing deadline); 8 C.F.R. § 1208.4(a)(4) (changed circumstances defined). When asked why he filed his asylum application late, Mr. Barbosa indicated a lack of interest

and knowledge in the process. And when asked about the conditions in his home country, he failed to show evidence of change beyond a continuation of criminal activity. Thus, the Board did not err in denying Mr. Barbosa's asylum claim.

Second, Mr. Barbosa challenges the Board's denial of his withholding of removal claim. The Board found that Mr. Barbosa failed to establish he was or would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). Substantial evidence supports the Board's determination that there is a lack of nexus between Mr. Barbosa's particular purported social groups and his expected persecution.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, the Board did not err in denying Mr. Barbosa's withholding of removal claim.

Third, Mr. Barbosa challenges the Board's denial of his claim for CAT relief. Substantial evidence supports the Board's denial of CAT protection because

---

[1] The Court does not review Mr. Barbosa's contentions regarding the cognizability of his proposed social group because the Board did not deny relief on this ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the Board).

Mr. Barbosa failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). He offers no evidence of past torture in Mexico. And "generalized evidence of violence and crime in Mexico is not particular to [Mr. Barbosa] and is insufficient to meet [the CAT relief] standard." *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Nor does Mr. Barbosa introduce evidence that the government, or any entity with the acquiescence of the government, would torture him upon return to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). Thus, the Board did not err in denying Mr. Barbosa's CAT claim.

Lastly, Mr. Barbosa contends that the immigration judge lacked jurisdiction over his proceedings due to insufficiencies in his notice to appear. This argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

For these reasons, the Court DENIES the petition.